IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20121
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

     v.

JAMES V. MORRISON,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CR-H-95-178-2)
_____
October 23, 1996
Before KING, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     James V. Morrison argues that the district court erred in

determining the drug quantity attributable to him under the

sentencing guidelines.  He also argues for the first time on

appeal that the district court committed plain error in

determining that he had the burden of proving that he did not

have the intent or was not reasonably capable of delivering at

_____

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

least five kilograms but less than fifteen kilograms of cocaine to the confidential informant.

We have reviewed the applicable sentencing guidelines and have determined that the district court did not commit plain error in determining that Morrison had the burden of proving that he did not intend or did not have the capacity to deliver at least five kilograms of cocaine. See United States v. Calverley, 37 F.3d 160, 162-64, (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995); U.S.S.G. § 2D1.1, comment. (n. 12).

We have further reviewed the record, including the presentence report and the transcript of the sentencing hearing, and find that the district court's determination that Morrison was accountable for at least five kilograms of cocaine was not clearly erroneous. United States v. Bermea, 30 F.3d 1539, 1575 (5th Cir. 1994), cert. denied, 115 S. Ct. 1113, 1825 (1995).

Morrison also argues that the district court erred in increasing his offense level for obstruction of justice. The record supports the district court's determination that Morrison provided materially false testimony at the sentencing hearing. Thus, the district court did not clearly err in applying the upward adjustment to Morrison's offense level. See United States v. Laury, 985 F.2d 1293, 1308 (5th Cir. 1993); U.S.S.G. § 3C1.1.

AFFIRMED.

2